IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BILLY E. NETTLES and DONNA L. \*
NETTLES,
                                                  \*
    Plaintiffs,
                                                  \*
vs.                                                       CASE NO. 4:10-CV-106 (CDL)
                                                  \*
STATE FARM FIRE AND CASUALTY
COMPANY,                                        \*
    Defendants.                      \*

## O R D E R

This action arises from a fire that damaged the home of Billy E. Nettles and Donna L. Nettles (the "Nettles"). At the time of the fire, the home was insured by State Farm Fire and Casualty Company ("State Farm"). In this action, the Nettles contend that State Farm denied coverage of their fire loss claim in bad faith. State Farm responds that, because the Nettles failed to disclose their fire loss claim and this action in their Chapter 13 bankruptcy filings, this action is barred by judicial estoppel. The evidence establishes that although the Nettles informed their Chapter 13 bankruptcy trustee of the claim, they did not formally amend their bankruptcy schedules prior to filing this action. Presently pending before the Court is State Farm's Motion for Summary Judgment (ECF No. 12). As explained below, the Court finds that the Nettles's failure to

amend their bankruptcy schedules as promptly as State Farm believes they should have does not judicially estop them from pursuing their claim against State Farm. Accordingly, State Farm's motion for summary judgment is denied.

Also pending before the Court is the Nettles's Motion to Join Bankruptcy Trustee Kristen Hurst as a Plaintiff (ECF No. 18). The Court finds that the Chapter 13 bankruptcy trustee has standing to pursue the claim against State Farm on behalf of the Chapter 13 estate creditors. Therefore, the Motion to Join the bankruptcy trustee is granted. The Court also notes, as explained in more detail in this order, that the trustee would be permitted to pursue the claim against State Farm on behalf of the creditors even if the Nettles were judicially estopped from pursuing their individual claims against State Farm.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or

necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

The facts relevant to the pending motions are straightforward and undisputed.

On January 31, 2008, State Farm issued the Nettles an insurance policy ("Policy") covering their home and property at 255 Eleven Bridges Road, Cuthbert, Georgia ("Nettles Property"). Fourteen months later, on April 23, 2009, the Nettles filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Georgia.  On September 23, 2009, their Chapter 13 plan was confirmed.

On February 8, 2010, a fire damaged the Nettles Property. The day after the fire, the Nettles submitted a claim to State Farm.  Importantly, a mere two days later, the Nettles notified the Chapter 13 bankruptcy trustee of the fire and requested a moratorium in their Chapter 13 plan payments.  The Nettles also informed the trustee that "[w]e have insurance coverage with State Farm and have met with a field rep."  Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J. [hereinafter Pls.' Resp. to Mot. for Summ. J.] Ex. C, Letter from D. Nettles & B. Nettles to Ch. 13 Trustee, Feb. 11, 2010, ECF No. 16-4.  On March 4, 2010, the Chapter 13 trustee acknowledged receipt of the correspondence

3

regarding the fire and granted the Nettles a moratorium in their plan payments. Therefore, the trustee, and thus the bankruptcy court, was well aware that a claim existed under the State Farm policy.

Subsequently, on April 21, 2010, the Nettles made a demand to State Farm for payment under the Policy within sixty days pursuant to Georgia's insurer bad faith statute, O.C.G.A. § 33-4-6. Not. of Removal Ex. A, State Court File, Compl. for Proceeds of Fire Insurance Policy, Damages, Penalties, Attorney's Fees, and Costs Ex. C, Letter from J. Bowles to T. Martin, Apr. 21, 2010, ECF No. 1-2. State Farm rejected the demand as premature. Def.'s Br. Opposing Transfer to Bankruptcy Ct. Ex. 2, Letter from T. Martin to J. Bowles, May 14, 2010, ECF No. 9-3.

On August 10, 2010, the Nettles filed this action in the Superior Court of Randolph County, Georgia. State Farm then removed the action to this Court on September 21, 2010. That same day, State Farm also filed its answer which raised judicial estoppel as a defense. Def.'s Answer 2, Sept. 21, 2010, ECF No. 2 ("Plaintiffs' action is judicially estopped and, therefore, the Plaintiffs [cannot] recover from this Defendant.").

Three days later, on September 24, 2010, the Nettles requested that their bankruptcy attorney Chad Hunt amend their bankruptcy filings to reflect their claim against State Farm.

4

Pls.' Resp. to Mot. for Summ. J. Attach. 1, D. Nettles Aff. ¶ 5, ECF No. 16-1; Pls.' Resp. to Mot. for Summ. J. Ex. D, Letter from J. Bowles to C. Hunt, Sept. 24, 2010, ECF No. 16-5. A month later, Donna Nettles contacted Hunt a second time and again asked him to amend the bankruptcy filings. Hunt, however, told her that "because the [insurance] claim was after the bankruptcy petition[,] there was no need for an amendment." Pls.' Resp. to Mot. for Summ. J. Ex. E, Correspondence from B. & D. Nettles to C. Hunt, Feb. 10, 2011, ECF No. 16-6. Despite Hunt's response, Donna Nettles stated that she and her husband "assumed that [their] bankruptcy counsel had filed the appropriate pleadings to show the existence of th[e] claim." D. Nettles Aff. ¶ 6.

On January 26, 2011, State Farm filed the presently pending motion for summary judgment, contending that the Nettles are barred from pursuing this action based on judicial estoppel. After receiving the summary judgment motion, the Nettles terminated Hunt as their bankruptcy attorney, and hired attorney Fife Whiteside to amend their bankruptcy filings. Whiteside amended Bankruptcy Schedule B-Personal Property and Bankruptcy Schedule C-Claim of Exemptions to reflect the Nettles's claim against State Farm and waive any claim of exemptions. Whiteside also filed a motion to approve a post-confirmation modification to the Chapter 13 plan to reflect the fire loss claim. The

5

amendments and Chapter 13 plan modification provided that the Nettles would prosecute the claim for the benefit of the bankruptcy estate and that any recovery would be paid to satisfy all debt, with the remainder paid to the Nettles.

State Farm objected to the amendments and the Chapter 13 Plan modification. After a hearing, the bankruptcy court overruled State Farm's objection and approved the modification to the Chapter 13 plan. Pls.' Reply to Resp. to Pls.' Mot. to Join Bankruptcy Trustee as Plaintiff Ex. E, Order Overruling Objection to Amendment to Schedules and Post-Confirmation Modification to Plan, Apr. 18, 2011, ECF No. 28-5; Pls.' Reply to Resp. to Pls.' Mot. to Join Bankruptcy Trustee as Plaintiff Ex. D, Order Approving First Post-Confirmation Modification to Plan, Apr. 18, 2011, ECF No. 28-4.

After amending the bankruptcy filings, the Nettles requested that the Chapter 13 bankruptcy trustee join this action on behalf of the bankruptcy estate. The trustee agreed to join the action and sought permission from the bankruptcy court to employ the Nettles's counsel in this action, Jesse G. Bowles, III, for that purpose. The bankruptcy court granted the trustee permission to employ Bowles, Pls.' Reply to Resp. to Pls.' Mot. to Join Bankruptcy Trustee as Plaintiff Ex. A, Order Approving Employment of Att'y to Represent Chapter 13 Estate, Mar. 17, 2011, ECF No. 28-1, and the Nettles filed the presently

pending motion to join the trustee as a plaintiff in this action.

## DISCUSSION

State Farm contends that the Nettles's claims are barred by judicial estoppel. State Farm also contends that the Chapter 13 trustee cannot pursue this action on behalf of the bankruptcy estate because, by the time the Nettles sought to join the trustee, their claims were already judicially estopped. For the following reasons, the Court finds that the Nettles did not mislead the bankruptcy court and in fact were commendably forthcoming at the earliest opportunity when they notified the bankruptcy trustee of their claim against State Farm a mere three days after the fire. Moreover, the Court finds that they have not taken any position in this action that is inconsistent with their disclosure in the bankruptcy action. While they could be criticized for not amending their bankruptcy schedules more promptly, the Court finds that their delay, particularly given the prior disclosure to the trustee, does not warrant the harsh application of the doctrine of judicial estoppel.

**I. Standing**

As a preliminary matter, State Farm contends that the Nettles lack standing to pursue this action because it is part of the Chapter 13 bankruptcy estate. The Court disagrees.

It is undisputed that the fire loss claim and this action are assets of the Chapter 13 bankruptcy estate. Chapter 13 debtors, like the Nettles, retain standing to pursue legal claims on behalf of the estate. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004). Therefore, the Nettles have standing to pursue this action. Moreover, in light of the Court's ruling today granting the motion to join the trustee, this argument is rendered moot as a practical matter.

**II. Judicial Estoppel**

State Farm contends that the Nettles are barred from pursuing this action by the doctrine of judicial estoppel. "Judicial estoppel is an equitable doctrine that precludes a party from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002)). The doctrine is "intended to prevent the perversion of the judicial process." *Burnes*, 291 F.3d at 1285 (internal quotation marks omitted). The purpose of the doctrine "'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). In deciding whether judicial estoppel applies, courts

consider two factors: first, the party against whom judicial estoppel is sought must have asserted a claim in a legal proceeding that is inconsistent with a position made under oath in a prior proceeding; second, "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.* (internal quotation marks omitted). The factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." *Id.* at 1286.

Here, the Nettles do not seriously dispute that they should have amended their bankruptcy schedules sooner.[1] *See, e.g.,*

---

[1] "A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court." *Robinson v. Tyson Foods*, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010) (citing 11 U.S.C. §§ 521(1), 541(a)(7)). "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend [her] financial statements if circumstances change." *Burnes*, 291 F.3d at 1286. "This duty applies to proceedings under Chapter 13 and Chapter 7 alike because 'any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclosure exists in all types of bankruptcies.'" *Robinson*, 595 F.3d at 1274 (quoting *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)). Furthermore, a bankruptcy court may, under Federal Rule of Bankruptcy Procedure 1009, "require a debtor to amend his schedule of assets to disclose a new property interest acquired after the confirmation of the debtor's plan." *Waldron v. Brown (In Re Waldron)*, 536 F.3d 1239, 1246 (11th Cir. 2008); *see also Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1344 (finding that debtor had duty to amend schedule of assets to disclose complaint filed after Chapter 13 plan was confirmed); *accord Robinson*, 595 F.3d at 1274. Here, the Nettles were under a court-ordered duty to disclose any assets or income in excess of $5,000 acquired after they filed their Chapter 13 case and before

9

*Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010) (holding that failure to amend Chapter 13 bankruptcy filings to reflect a pending claim while simultaneously pursuing that claim in another court constitutes inconsistent positions under oath); *Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (same).

Pretermitting whether disclosure to the trustee without the simultaneous amendment of the schedules requires a finding that the Nettles have taken inconsistent positions, the Court finds that it is clear from the present record that there is insufficient evidence to support a finding that the Nettles had the requisite intent for judicial estoppel to apply. "For purposes of judicial estoppel, intent is a purposeful contradiction—not simple error or inadvertence." *Barger*, 348 F.3d at 1294; *see also Ajaka*, 453 F.3d at 1345 n.7 ("When considering a party's motive and intent and whether it justifies applying judicial estoppel, we require that the intent be cold manipulation and not an unthinking or confused blunder.") (internal quotation marks omitted). "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *Robinson*, 595 F.3d at 1276. Deliberate or intentional manipulation "can be inferred from the record[]

---

they made their final payment under the Chapter 13 plan. M.D. Ga. LBR 1007-1(f).

10

where the debtor has knowledge of the undisclosed claims and has motive for concealment." *Barger*, 348 F.3d at 1294 (internal quotation marks omitted). "[A] financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid." *De Leon*, 321 F.3d at 1291.

It is undisputed that the Nettles had knowledge of their fire loss claim and this action, and they arguably could have had a motive not to disclose the State Farm claim. Here, the fire loss claim arose after the Nettles filed for Chapter 13 bankruptcy. Notwithstanding their continuing duty to disclose all assets, the Nettles failed to amend their bankruptcy schedules to list the claim when it arose or when they initiated this action. At the time of their failure to amend their schedules, the Nettles had a motive to conceal assets "because the hiding of assets affects the amount to be discounted and repaid." *Id.* The undisputed evidence, however, demonstrates that any inference of intentional manipulation of the judicial system that may arise from this alleged motive has been easily rebutted.

First, the Nettles argue that they "never executed any pleading item or document that negated the existence of the fire loss." Pls.' Resp. to Def.'s Mot. for Summ. J. 14. The absence of an affirmative misrepresentation regarding the fire loss

11

claim does not, standing alone, rebut the inference of intentional manipulation by the Nettles. *See Robinson*, 595 F.3d at 1276 (applying judicial estoppel where plaintiff failed to timely amend Chapter 13 filings to reflect a pending claim while simultaneously pursuing that claim in another court). However, the undisputed evidence establishes that the Nettles promptly disclosed their bankruptcy to State Farm, promptly disclosed their fire loss to their mortgage holder, and perhaps most importantly for purposes of judicial estoppel, promptly notified the bankruptcy trustee of their fire loss claim with State Farm. Thus, neither State Farm nor the mortgage holder were prejudiced by the omission of the fire loss claim and this action from the bankruptcy filings; and the bankruptcy court had been made aware of the fire loss claim through the disclosure to the trustee.

State Farm cannot refute the essential fact that the Nettles notified the Chapter 13 trustee of the fire three days after the fire and told the trustee that "[w]e have insurance coverage with State Farm and have met with a field rep." Pls.' Resp. to Mot. for Summ. J. Ex. C, Letter from D. Nettles & B. Nettles to Ch. 13 Trustee, Feb. 11, 2010, ECF No. 16-4. This disclosure put the trustee and the bankruptcy court on notice that an asset which would affect the bankruptcy estate had been damaged, that the Nettles claimed that insurance through State Farm covered the loss, and that they were in the process of

12

making a claim under the State Farm policy. In a perfect world perhaps the Nettles in the midst of a significant fire loss should have put everything else on hold while they located a typewriter, amended their bankruptcy schedules and immediately rushed down to the bankruptcy court to file them; but any reasonably prudent person would have been justified in believing that by notifying the trustee, they had notified the bankruptcy court of the potential claim. Their actions certainly do not support an inference that they were attempting to hide a claim or manipulate the judicial system. The Court finds that the disclosure to the Chapter 13 trustee rebuts any inference of intentional manipulation by the Nettles.[2]

Although not dispositive of the issue to be decided, the Court does note that the Nettles told their bankruptcy lawyer to amend their bankruptcy filings and discharged him when he failed to do so. The Court recognizes that the Nettles did not disclose their fire loss claim to their bankruptcy attorney and direct him to amend their bankruptcy filings until after State Farm raised judicial estoppel as a defense in this action.

---

[2] This case is also distinguishable from *Barger* which applied judicial estoppel where the debtor informed the bankruptcy trustee of her discrimination suit, but did not disclose the full nature of the litigation. 348 F.3d at 1295. Here, unlike *Barger*, the Nettles did disclose to the trustee the full nature of their claim. They informed the trustee that they had a fire loss, that they had insurance for the loss through State Farm, and that they were asserting a claim with State Farm for the fire loss.

*Compare* Def.'s Answer 2, Sept. 21, 2010 (raising judicial estoppel as its fifth defense) *with* D. Nettles Aff. ¶ 5 (stating that on September 24, 2010 the Nettles requested that their bankruptcy attorney amend their bankruptcy filings to reflect the fire loss claim). Generally, when a debtor fails to disclose an asset to the bankruptcy court and that omission is later challenged by an adversary, the debtor may not "back-up, re-open the bankruptcy case, and amend his bankruptcy filings." *Burnes*, 291 F.3d at 1288. To hold otherwise would "suggest[] that a debtor should consider disclosing potential assets only if he is caught concealing them" and would "diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." *Id.*; *accord De Leon,* 321 F.3d at 1292. However, as previously explained, this is not the typical case where a debtor makes disclosure only after they are caught. In this case, the Nettles forthrightly informed the bankruptcy trustee of the claim within days of the fire.

The Court also notes that the Nettles will not receive any proceeds from the claim until their creditors are paid in full. While full monetary repayment, standing alone, does not necessarily preclude a finding of motive to conceal and the application of judicial estoppel does not require that the nondisclosure must lead to a different result in the bankruptcy

14

proceeding, *Robinson*, 595 F.3d at 1275, there must be some evidence supporting a finding that the debtor intended to defraud the court. In this case, no such evidence exists.

For all of these reasons, the Court finds that the Nettles have rebutted any inference that they intended to conceal their fire loss claim and this action from the bankruptcy court. Moreover, the Court finds that the Nettles did in fact disclose their claim to the trustee even though they failed to promptly amend their bankruptcy schedules, and that this disclosure to the trustee supports the finding that they had no intention to manipulate or mislead the bankruptcy court. Accordingly, the Nettles are not judicially estopped from pursuing this action against State Farm, and State Farm's motion for summary judgment is denied.

**III. Joinder of the Chapter 13 Trustee**

The Chapter 13 trustee has appeared and seeks to pursue this action for the benefit of the bankruptcy estate and its creditors. It is undisputed that, in the absence of judicial estoppel, the Chapter 13 trustee has standing to pursue this action. State Farm's Reply in Supp. of Mot. for Summ. J. 5, ECF No. 22; *Hauf v. HomeQ Servicing Corp.*, No. 4:05-CV-109 (CDL), 2007 WL 486699, at *3-*4 (M.D. Ga. Feb. 9, 2007) (holding that Chapter 13 bankruptcy trustee had concurrent standing with

15

debtor to pursue cause of action on behalf of the bankruptcy estate).

The Court also observes that, even if the Nettles were judicially estopped from pursuing their individual claims, the trustee could pursue the claim against State Farm on behalf of innocent creditors. "Although general bankruptcy law establishes that the trustee does not have any more rights than the debtor has, any *post-petition* conduct by [a debtor], including failure to disclose an asset, does not relate to the merits of the . . . claim." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 n.3 (11th Cir. 2004) (citations omitted). Furthermore, the Eleventh Circuit Court of Appeals has indicated that a debtor's inconsistent positions should not preclude a bankruptcy trustee, who has taken no inconsistent positions, from pursuing a claim for the benefit of innocent creditors. *See id.* at 1272 (reversing district court's application of judicial estoppel to bar trustee, who made no inconsistent statements, from pursuing discrimination claim for benefit of innocent creditors); *but see Pavlov v. Ingles Mkts., Inc.*, 236 F. App'x 549, 550 (11th Cir. 2007) (distinguishing *Parker* and affirming judicial estoppel as applied to debtor where "there ha[d] been no appearance of any Trustee, through intervention or otherwise."). Therefore, judicial estoppel should not bar the Chapter 13 trustee, who made no inconsistent statements, from

pursuing this action for the benefit of innocent creditors, even if the Nettles could not. See *Burnes*, 291 F.3d at 1285 ("Judicial estoppel is an equitable doctrine invoked at a court's discretion.").

Based on the foregoing, the Court grants the Nettles's motion to join the Chapter 13 trustee as a plaintiff.

CONCLUSION

State Farm's Motion for Summary Judgment (ECF No. 12) is denied and the Nettles's Motion to Join Bankruptcy Trustee Kristen Hurst as a Plaintiff (ECF No. 18) is granted.

The stay of discovery and other pretrial deadlines that was previously entered pending the Court's resolution of the above motions is hereby lifted. The parties shall confer and submit to the Court within 21 days of today's order a proposed amended scheduling order.

IT IS SO ORDERED, this 17th day of June, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE